NO. 07-01-0367-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 3, 2002

_____

JOSE S. GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-436732; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Jose S. Gonzales has appealed from his conviction of the offense of aggravated assault with a deadly weapon and the resulting punishment of 35 years confinement in the Institutional Division of the Department of Criminal Justice. Although

he was represented by court-appointed counsel during trial and the time for filing a motion for new trial, he filed a pro se notice of appeal.

By letter dated March 14, 2002, we informed appellant that his brief was due to be filed by December 5, 2001, and that we had received neither a brief nor a motion for extension of time to file a brief. We further informed appellant that if we did not receive a satisfactory response by March 25, 2002, the appeal would be abated. On March 25, 2002, we received a letter from appellant stating that his court-appointed attorney, whom appellant represents to be the same attorney he had at the trial court level, is "supposed to be taking care of this." He further represents that he has not heard from his attorney. By letter dated March 27, 2002, appellant asserts that he still wishes to pursue his appeal but that his attorney "has done nothing but lie" to him.

This state of affairs necessitates that we abate this appeal to the 137th District Court of Lubbock County for a hearing as provided for in Rule of Appellate Procedure 38.8(b)(2). Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant has abandoned his appeal.

2. If appellant has not abandoned his appeal, whether appellant's attorney will diligently pursue the appeal. If not, the trial court shall determine if appellant is still indigent and if the appointment of another attorney is necessary.

3. If appellant is not indigent, whether retained counsel has abandoned the appeal or whether appellant has failed to make the necessary arrangements for prosecuting his appeal, and if he has not done so, what orders are necessary to ensure those arrangements be made.

2

4.  If it be determined that another attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

5.  If any other orders are necessary to ensure the diligent and proper pursuit of appellant's appeal.

In support of its determinations, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. Those supplemental records shall be submitted to the clerk of this court no later than May 6, 2002.

It is so ordered.

Per Curiam

Do not publish.

3